UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., successor in interest to AMERIHOST FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>                  Plaintiff,<br><br>                  v.<br><br>KARAM, INC., a Utah Corporation; and SEWA SINGH BHINDER, an individual,<br><br>                  Defendants. | **OPINION**<br><br>Civ. No. 15-8490-WHW-CLW |

**Walls, Senior District Judge**

Plaintiff Baymont Franchise Systems, Inc., successor in interest to Amerihost Franchise Systems, Inc. ("BFS"), moves under Fed. R. Civ. P. 55 for default judgment against Defendants Karam, Inc. ("Karam") and Sewa Singh Bhinder. BFS filed this action on December 7, 2015 alleging that Defendants breached a license agreement with BFS to operate a lodging facility. Defendants have failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff BFS, a corporation organized and existing under the laws of Delaware, with its principal place of business in Parsippany, New Jersey, is the successor in interest to the entity Amerihost Franchise Systems, Inc. Complaint, ECF No. 1 ¶ 1. Defendant Karam is a corporation organized and existing under the laws of Utah, with its principal place of business at 825 East Street, Suite 110, Woodland, California. *Id.* ¶ 2. Defendant Sewa Singh Bhinder is a principal of

Karam and a citizen of Utah, residing at 825 East Street, Suite 110, Woodland, California. *Id.* ¶ 3.

On or about November 6, 2006, Amerihost Franchise Systems entered into a franchise agreement with Karam for the operation of a 60-room Amerihost® guest lodging facility located at 1210 N. 12th Street, Murray, Kentucky, Site No. 70126-68393-06 (the "Facility"). *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") ECF No. 7-4 ¶ 3; Franchise Agreement, *id.* Ex. A. By amendment to the Franchise Agreement on November 22, 2006, Karam agreed to convert the Facility into a Baymont® guest lodging facility. ECF No. 7-4 ¶ 4; Amendment, *id.* Ex. B. Karam assumed multiple obligations under the franchise agreement. Under Section 5 of the Franchise Agreement, Karam was obligated to operate a Baymont® guest lodging facility for a twenty-year term. *See* ECF No. 7-4 ¶ 5, Ex. A § 5. Under Section 7, Section 18.1, and Schedule C of the Franchise Agreement, Karam was required to make certain periodic payments to BFS for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees (collectively, the "Recurring Fees"). *Id.* ¶ 6; *id.* Ex. A § 7, § 18.1, Schedule C. Karam also agreed, under Section 7.3 of the Franchise Agreement, that interest was payable "on any past due amount payable to [BFS] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* ¶ 7; *id.* Ex. A § 7.3.

Under Section 3.8 of the Franchise Agreement, Karam was required to disclose to BFS, among other things, the amount of gross room revenue earned by Karam at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to BFS. *Id.* ¶ 8; *id.* Ex. A § 3.8. Also under that section, Karam agreed to maintain at the facility accurate financial information relating to the gross room revenue of the Facility,

including books, records, and accounts. *Id.* ¶ 9; *id.* Ex. A § 3.8. Karam agreed to allow BFS to examine, audit, and make copies of the entries in these books, records and accounts. *Id.*

Section 11.2 of the Franchise Agreement provided that BFS could terminate the Franchise Agreement, with notice to Karam, if Karam (a) discontinued operating the Facility as a Baymont® guest lodging establishment and/or (b) lost possession or the right to possession of the Facility. *Id.* ¶ 10; *id.* Ex. A § 11.2. Under Section 12.1 of the Franchise Agreement, Karam agreed that, in the event of a termination under Section 11.2, it would pay liquidated damages to BFS in accordance with a formula specified in the Agreement. *Id.* ¶ 12; *id.* Ex. A § 12.1. Karam also agreed, under Section 17.4 of the Franchise Agreement, that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." *Id.* ¶ 12; *id.* Ex. A § 17.4.

On or about November 6, 2006, BFS entered into a Satellite Connectivity Services Addendum (the "Satellite Addendum") with Karam. *Id.* ¶ 13; Satellite Addendum, *id.* Ex. C. Under Section 13(c) of the Satellite Addendum, Karam agreed that, in the event of an early termination of the Satellite Addendum, including termination of the Franchise Agreement, it would pay BFS Satellite Addendum liquidated damages in the amount of $2,500 within 10 days of the date of termination. *Id.* ¶ 14; *id.* Ex. C § 13(c).

Effective as of the date of the Franchise Agreement, Defendant Bhinder provided BFS with a guaranty of Karam's obligations under the Franchise Agreement. *Id.* ¶ 15; Guaranty, *id.* Ex. D: Bhinder agreed, among other things, that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause [Karam] to perform, each unpaid or unperformed obligation of [Karam] under the [Franchise] Agreement." *Id.* ¶ 16; *id.* Ex.

D. Bhinder also agreed to pay the costs, including reasonable attorneys' fees, incurred by BFS in enforcing its rights or remedies under the guaranty or the Franchise Agreement. *Id.*

Effective as of July 5, 2007, Karam made, and Bhinder co-made, a Conversion Assistance Program Incentive Promissory Note in the amount of $90,000 (the "Note"). *Id.* ¶ 18; Note, *id.* Ex. E. Under the terms of the Note, the principal sum of $90,000 was payable to BFS in sixty equal monthly installments. *Id.* ¶ 19; *id.* Ex. E. The Note provided that, if Karam and Bhinder defaulted on their obligations (including if Karam and Bhinder defaulted on their obligations under the Franchise Agreement), the Note would bear simple interest at a rate of the lesser of eighteen percent per annum or "the highest rate allowed by law," and that, if the Note "or any party of the indebtedness evidenced hereby be collected by or through an attorney at law, [BFS] shall be entitled to collect reasonable attorneys' fees in the amount of fifteen percent (15%) of the unpaid principal and all costs of collection." *Id.* ¶¶ 20-21; *id.* Ex. E at 5-6.

On or about March 1, 2012, Karam unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Baymont® guest lodging facility. *Id.* ¶ 22. By letter dated February 5, 2012, BFS acknowledged Karam's termination of the Franchise Agreement and advised Karam that it was required to pay BFS (a) Satellite Addendum liquidated damages in the amount of $2,500, (b) all outstanding Recurring Fees, and (c) the balance of $12,000 owed on the Note. *Id.* ¶ 23; Letter, *id.* Ex. F.

On December 7, 2015, BFS filed a complaint in this matter seeking the Satellite Addendum liquidated damages, Recurring Fees due under the Franchise Agreement, and the balance owed on the Note, together with interest, attorneys' fees, and costs of suit from the Defendants. ECF No. 1; Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert."), ECF No. 7-3 ¶ 3.

On December 10, 2015, BFS forwarded the summons and complaint to Recon Management Group to effectuate personal service upon the Defendants. *Id.* ¶ 4. Despite diligent efforts and inquiry, Recon claims it has been unable to locate the Defendants *Id.* ¶ 5; Affidavit of Diligent Efforts, *id.* Ex. A. On March 15, 2016, BFS served Defendants with the summons and complaint by certified mail, return receipt requested, and regular mail. *Id.* ¶ 6; Summons and Complaint Letter, *id.* Ex. B. The time in which Defendants had to answer or otherwise respond to the complaint expired, and they have not answered or otherwise moved. *Id.* ¶ 7. The Clerk of the Court entered default against Defendants on April 8, 2016 for their failure to plead or othewise defend this action. *Id.* ¶ 8. By letter dated April 8, 2016, BFS served a copy of the default upon Defendants. *Id.* ¶ 9; Letter, *id.* Ex. C. By nature of its status as a Utah corporation, Defendant Karam is not an infant or othewise incompetent nor presently engaged in the military service of the United States or its allied nations. *Id.* ¶ 11. Defendant Sewa Singh Bhinder is not an infant or otherwise incompetent. *Id.* ¶ 12. On April 11, 2016, the Defense Manpower Data Center verified that Defendant Bhinder is not in the military service of the United States or its allied nations. *Id.*; Bhinder report, *id.* Ex. D.

BFS moved for default judgment against Defendants on April 22, 2016. ECF No. 7. BFS seeks Recurring Fees in the amount of $159,011.08, inclusive of interest (calculated at the rate of 1.5% per month under section 7.3 of the Franchise Agreement) against Defendants. *See* Fenimore Aff., ECF No. 7-4 ¶ 24; *id.* Ex. G (itemized statement setting forth Recurring Fees allegedly owned as of April 12, 2016). BFS also seeks Satellite Addendum liquidated damages in the amount of $2,500, as well as interest on the liquidated damages in the amount of $1,853.61 (calculated at the rate of 1.5% per month, or 18% annually of $2,500, divided by 365 days, and then multiplied by 1,507 days for the period between March 31, 2012, thirty days from the termination of the franchise

agreement, and May 16, 2016, the return date of BFS's motion for default judgment). *Id.* ¶¶ 31-32. BFS also seeks the $12,000 remaining on the Note, as well as interest on the note in the amount of $9,093.12 (calculated at the rate of 1.5% per month, or 18% annually of $12,000, divided by 365 days, and then multiplied by 1,536 days). *Id.* ¶¶ 33-34. In total, BFS seeks a judgment of $184,457.81, inclusive of Recurring Fees, Satellite Addendum liquidated damages, the Note balance, and interest. *Id.* 35; *see also id.* Ex. H (itemized statement of amounts allegedly owed).

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here the parties entered into the Franchise Agreement (with Satellite Addendum) and guaranty for the operation of an Amerihost® lodging facility, amended to require the operation of a Baymont® lodging facility. Defendants also issued a Note that required the operation of a Baymont® lodging facility. Defendants breached those contracts by ceasing to operate the Facility as a Baymont® lodging facility. Damages flowed therefrom because BFS performed services without being compensated for them. BFS performed its own contractual obligations under the Franchise Agreement because it performed the services promised. *See* Fenimore Aff., ECF No. 7-4, Ex. G (itemizing the services BFS performed, for which it charged Karam the recurring fees). BFS has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. BFS will suffer prejudice if default is denied because it has already waited over four years since the breach of the franchise agreement to be paid the Recurring Fees, liquidated damages, amount remaining on the Note, attorney's fees, and court costs to which it is entitled. Defendants have not presented any facts or arguments to suggest they have a litigable defense for their breaches of contract. It is not clear if their failure to litigate is the result of willful or bad faith conduct, though they have failed

7

to retain counsel since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II.     The Amount of Damages Is Satisfactorily Established

BFS seeks damages that include the Recurring Fees ($159,011.08), liquidated damages ($4,353.61 including interest calculated at 1.5% per month), and the remaining amount payable on the Note ($21,093.12 including interest calculated at 1.5% per month). The Court has reviewed BFS's submissions and finds that these amounts accurately represent the amount Defendants owe BFS under the Franchise Agreement, guaranty, Satellite Addendum, and Note, inclusive of attorneys' fees and costs. *See* Fenimore Aff., ECF No. 7-4 ¶¶ 24-35; *id.* Ex. C (Satellite Addendum); Ex. E (Note, including payment terms); *id.* Ex. G (Itemized Statement of Recurring Fees); *id.* Ex. H (Itemized Statement of Amount Due). Judgment will be entered against Defendants Karam and Bhinder in the amount of $184,457.81.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Karam, Inc. and Sewa Singh Bhinder, in the amount of $184,457.81. An appropriate order follows.

DATE: 7 June 2016

William H. Walls
Senior United States District Court Judge